UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON SMITH, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Case No. 1:22-cv-00413-HAB-SLC ) |
| AUTOVEST L.L.C. OF INDIANA, *et al.*, | ) ) ) |
|    Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Brandon Smith filed a complaint to commence this action against Defendants on November 15, 2022, alleging several violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (ECF 1). On March 22, 2023, the Clerk of Court issued a Notice to Plaintiff indicating that Plaintiff had failed to effectuate timely service of process under Federal Rule of Civil Procedure 4(m) and that such failure was, in the discretion of the Court, sufficient to warrant dismissal of the action without prejudice. (ECF 4). The Clerk further advised that if no action was taken by April 6, 2023, the matter would be brought to the Court's attention.

Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), "[a] showing of good cause *requires* a Court to grant an extension. A lack of good cause simply commits the decision to the Court's discretion." *Gerrard v. Andrews Int'l, Inc.*, No. 09-CV-1272, 2010 WL 3724776, at *3 (C.D. Ill. July 28, 2010); *see Panaras v.*

*Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1995) ("If . . . good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." (citations omitted)).

Here, Plaintiff has failed to prosecute his case against Defendants since November 2022. (*See* ECF 3). On March 22, 2023, the undersigned issued a notice pursuant to Rule 4(m), informing Plaintiff that a failure to issue process and complete service within ninety days from the filing of the complaint may warrant dismissal of the action. (ECF 4). On March 27, 2023, Plaintiff notified the Court that the parties had reached a settlement (ECF 5), after which the undersigned directed Plaintiff to file dismissal papers on or before April 28, 2023 (ECF 6). Following Plaintiff's failure to file dismissal papers by the deadline, the undersigned entered a second Order directing Plaintiff to file dismissal papers by June 7, 2023. (ECF 7). Plaintiff, again, failed to file dismissal papers by the deadline, which prompted the undersigned to order Plaintiff a third time to file dismissal papers by June 16, 2023, or to show cause why dismissal papers had not been filed. (ECF 8). Plaintiff was also warned that failure to do so may lead to the dismissal of this action under Rule 4(m). (*Id.*). Plaintiff, again, failed to file dismissal papers. Faced with Plaintiff's unrelenting inaction, the undersigned issued a Notice and Order on June 22, 2023, warning Plaintiff that his case was subject to dismissal on or after July 13, 2023, unless he made a filing showing good cause for his failure to file the dismissal papers or issue service and complete process prior to that date. (ECF 9).

The July 13, 2023, final deadline has now come and gone, and Plaintiff has still not effectuated service of the summons and complaint on Defendants in accordance with Rule 4. Nor has Plaintiff attempted to establish good cause for the failure to serve Defendants for more than eight months or for his failure to file dismissal papers. Therefore, in accordance with the prior

warnings issued to Plaintiff, the undersigned Magistrate Judge RECOMMENDS to the District Judge that this case be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m).

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

Entered this 25th day of July 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge